UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| **CHAMBERS OF** | **101 WEST LOMBARD STREET** |
| **SUSAN K. GAUVEY** | **BALTIMORE, MARYLAND 21201** |
| **U.S. MAGISTRATE JUDGE** | **MDD_skgchambers@mdd.uscourts.gov** |
| | **(410) 962-4953** |
| | **(410) 962-2985 - Fax** |

October 1, 2003

Danny Robert Seidman, Esq.
Donahue, Seidman & Schreyer, LLC
Eight Post Office Road
Waldorf, MD 20602-2709

Andrew B. Greenspan, Esq.
Suite 400
1997 Annapolis Exchange Parkway
Annapolis, MD 21401

    Re:  Nicole M. Bruno v. Donald Enste
          Civil No. SKG-03-358

Dear Counsel:

    This will confirm the schedule that has been set in this case and provide certain instructions relating to your pretrial and trial preparation.

**Schedule**

**December 10, 2003**   Settlement Conference (see attached separate letter regarding settlement conference).

**December 29, 2003**   Deadline for submitting joint pretrial order, motions in limine,[1] trial exhibits, joint proposed voir dire questions, joint proposed jury instructions, and joint proposed special verdict forms

**January 12, 2004 at**  Pretrial conference in chambers (counsel

---

    [1] The original of the motions in limine should be filed in the Clerk's Office.

**2:00 p.m.** (only)

**January 26, 2004**  Trial (counsel should come to chambers at
**at 10:00 a.m.**     9:30 that morning)

**Joint Voir Dire and Jury Instructions**

I enclose a copy of my customary general (non-case-specific) instructions.

You should submit proposed joint voir dire questions, proposed joint jury instructions on issues specifically relating to this case, and proposed joint special verdict forms. You should submit separately any voir dire questions, jury instructions and special verdict forms upon which you cannot agree. All of your proposed voir dire questions, jury instructions and special verdict forms should be submitted in hard copy and on IBM compatible, Word Perfect 6.0/6.1 diskettes.

Your proposed joint voir dire should include a brief proposed statement to be read to the venire panel explaining the nature of the case in general terms.

Your proposed jury instructions should (a) be typed one per page, (b) be numbered and assembled in the order in which you request that they be read to the jury, and (c) include a citation of the authorities supporting the instruction. Any request for an instruction ordinarily should be based on the pattern Modern Federal Jury Instructions, Sand et al, Devitt and Blackmar, or, where Maryland law is applicable, on the Maryland Pattern Jury Instructions. Submissions should be by photocopy of the pattern instruction with any requested change or modification handwritten by interlineation.

**Guaranteeing Witness Availability**

Absent emergency circumstances, a party will guarantee the presence at trial of any witness that party lists in the pretrial order, in accordance with Local Rule 106.2.i., as "expecting to present" at trial.

**Disclosure of Opinions of Expert Witnesses**

In addition to the information required by Local Rule 106.2.j, the pretrial order shall include for each party a concise summary of

the opinion testimony expected from each witness identified by that party pursuant to Fed. R. Civ. P. 26(a)(2)(A) and (B) who may testify at trial.  The parties shall identify those witnesses designated pursuant to Rule 26(a)(2)(A) separately from those designated pursuant to Rule 26(a)(2)(B).

**Exhibits**

Please be prepared to advise me at the pretrial conference if there are any objections to the documents and exhibits listed in the pretrial order in accordance with Local Rule 106.2.g.  Any objections not disclosed at that time, other than objections under Fed. R. Evid. 401 and 403, shall be deemed waived at trial, unless excused for good cause shown.

All exhibits must be tagged and numbered prior to trial in accordance with Local Rule 106.7(a).  You must meet with one another prior to trial to review and make available for copying one another's exhibits in accordance with Local Rule 106.7(b).

Copies of the parties' proposed exhibits must be in a three-ring binder.  A copy of parties' exhibits should be submitted to the Court with the pretrial order.  The parties should attempt to agree on the admissibility of all exhibits and inform the Court of those exhibits about which agreement cannot be reached.  Those exhibits will be discussed at the pretrial conference.  The parties should provide, in addition, impeachment exhibits each intends to offer into evidence at trial.  Impeachment exhibits need not be disclosed to other parties.

**Use of Courtroom Equipment**

Please be prepared to advise me at the conference if you would like to use at trial any courtroom equipment.  The court has available for your use VCRs and monitors, x-ray boxes, and one electronic evidence presenter.  The electronic evidence presenter may be reserved on a first come, first served basis in cases which are expected to last longer than one week and involve numerous documents.

**Trial Instructions**

Please read carefully the attached memorandum entitled "Instructions To Counsel Re Trial Procedure And Conduct."  You are responsible for knowing the contents of these instructions and all of the provisions of Local Rule 107 concerning trial conduct.

**Settlement**

    Unless the court is notified of any settlement no later than one full business day prior to the day on which the trial is scheduled to begin, jury costs will be imposed in accordance with Local Rule 107.4. Ordinarily, in civil cases 25-28 potential jurors are called as members of the venire panel and the cost per juror is approximately $70.

    Despite the informal nature of this ruling, it shall constitute an Order of Court, and the Clerk is directed to docket it accordingly.

                                     Very truly yours,

                                        /s/

                                    Susan K. Gauvey
                                    United States Magistrate Judge

cc:   Court File