s 71.01 GENERAL INTRODUCTION--PROVINCE OF THE COURT AND JURY

MEMBERS OF THE JURY:

At the outset, I want to thank you for your patience and attention throughout this case, your care in the consideration of the testimonial and documentary evidence, your patience in the matter of recesses and delays when it has been necessary for me to hear counsel out of your presence, and your promptness, making it possible to start each session on time, and to resume sessions after recesses without delay.

Now that you have heard the evidence and the argument, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

(Counsel have quite properly referred to some of the governing rules of law in their arguments.  If, however, any difference appears to you between the law as stated by counsel and that stated by the court in these instructions, you are of course to be governed by the Court's instructions.)

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. It is not my function to determine the facts, but rather yours.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, prejudice or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

s 71.02 INSTRUCTIONS APPLY TO EACH PARTY

    Unless otherwise stated, the jury should consider each instruction given to apply separately and individually to each plaintiff and to each defendant in the case.

s 71.03 ALL PERSONS EQUAL BEFORE THE LAW--INDIVIDUALS


    This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  All persons stand equal before the law, and are to be dealt with as equals in a court of justice.

s 71.06 MULTIPLE DEFENDANTS

    Although there are two defendants in this action, it does not follow from that fact alone that if one is liable, both are liable. Each defendant is entitled to a fair consideration of his own defense, and is not to be prejudiced by the fact, if it should become a fact, that you find against the other.  Unless otherwise stated, all instructions given you govern the case as to each defendant.

s 71.08 EVIDENCE IN THE CASE--STIPULATIONS--JUDICIAL

NOTICE--INFERENCES PERMITTED


Statements and arguments of counsel are not evidence in the

case.  When, however, the attorneys on both sides stipulate or agree

as to the existence of a fact, the jury must, unless otherwise

instructed, accept the stipulation and regard that fact as proved.

The Court may take judicial notice of certain facts or events.

When the Court declares it will take judicial notice of some fact or

event, the jury must, unless otherwise instructed, accept the Court's

declaration as evidence,

and regard as proved the fact or event which has been judicially

noticed.

Unless you are otherwise instructed, the evidence in the case

always consisted of the sworn testimony of the witnesses, regardless

of who may have called them;  and all exhibits received in evidence,

regardless of who may have produced them;  and all facts which may

have been admitted or stipulated;  and all facts and events which may

have been judicially noticed.

Any evidence as to which an objection was sustained by the

Court, and any evidence ordered stricken by the Court, must be

entirely disregarded.

s 71.12 QUESTIONS NOT EVIDENCE


    If a lawyer asks a witness a question which contains an assertion of fact, you may not consider the assertion as evidence of that fact.  The lawyer's statements are not evidence.

s 72.01 PREPONDERANCE OF THE EVIDENCE


The burden is on the plaintiff in a civil action, such as this, to prove every essential element of his claim by a preponderance of the evidence.  If the proof should fail to establish any essential element of plaintiff's claim by a preponderance of the evidence in the case, the jury should find for the defendant as to that claim.

(As to the counterclaim, however, the defendant is in the position of a plaintiff and the burden of proving the essential elements of the counterclaim is on the defendant).

(As to certain affirmative defenses which will be discussed later in these instructions, however, the burden of establishing the essential facts is on the defendant, as I will explain).

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses,

regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

s 72.03 EVIDENCE--DIRECT--INDIRECT OR CIRCUMSTANTIAL


There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case.  One is direct evidence-- such as the testimony of an eyewitness.  The other is indirect or circumstantial evidence--the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.

As a general rule, the law makes no distinction between direct or circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct
and circumstantial.

s 72.04 INFERENCES DEFINED--PRESUMPTION OF REGULARITY--ORDINARY

COURSE OF BUSINESS--OBEDIENCE TO LAW


     You are to consider only the evidence in the case.  But in your

consideration of the evidence you are not limited to the bald

statements of the witnesses. In other words, you are not limited to

what you see and hear as the witnesses testify.  You are permitted to

draw, from facts which you find have been proved, such reasonable

inferences as seem justified in the light of your experience.

     Inferences are deductions or conclusions which reason and

common sense lead the jury to draw from facts which have been

established by the evidence in the case.

     Unless and until outweighed by evidence in the case to the

contrary, you may find that official duty has been regularly

performed;  that private transactions have been fair and regular;

that the ordinary course of business or employment has been followed;

that things have happened according to the ordinary course of nature

and the ordinary habits of life;  and that the law has been obeyed.

s 72.13 NUMBER OF WITNESSES

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses which does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence which does produce such belief in your minds.

The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence;  but which witness, and which evidence, appeals to your minds as being most accurate, and otherwise trustworthy.

s 72.14 SINGLE WITNESS

The testimony of a single witness which produces in your minds belief in the likelihood of truth is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary, if, after consideration of all the evidence in the case, you hold greater belief in the accuracy and reliability of the one witness.

s 73.01 CREDIBILITY OF WITNESSES--DISCREPANCIES IN TESTIMONY

     You, as jurors, are the sole judges of the credibility of the
witnesses and the weight their testimony deserves.  You may be guided
by the appearance and conduct of the witness, or by the manner in
which the witness testifies, or by the character of the testimony
given, or by evidence to the contrary of the testimony given.

     You should carefully scrutinize all the testimony given, the
circumstances under which each witness has testified, and every
matter in evidence which tends to show whether a witness is worthy of
belief.  Consider each witness' intelligence, motive and state of
mind, and demeanor or manner while on the stand.  Consider the
witness' ability to observe the matters as to which he has testified,
and whether he impresses you as having an accurate recollection of
these matters.  Consider also any relation each witness may bear to
either side of the case;  the manner in which each witness might be
affected by the verdict;  and the extent to which, if at all, each
witness is either supported or contradicted by other evidence in the
case.

     Inconsistencies or discrepancies in the testimony of a witness,
or between the testimony of different witnesses, may or may not cause
the jury to discredit such testimony.  Two or more persons witnessing
an incident or a transaction may see or hear it differently;  and
innocent misrecollection, like failure of recollection, is not an

uncommon experience.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or non-existence of any fact.  You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

s 73.04 IMPEACHMENT--INCONSISTENT STATEMENTS OR CONDUCT--FALSUS IN

UNO FALSUS IN OMNIBUS


A witness may be discredited or impeached by contradictory

evidence;  or by evidence that at some other time the witness has

said or done something, or has failed to say or do something which is

inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus

discredited, it is your exclusive province to give the testimony of

that witness such credibility, if any, as you may think it deserves.

If a witness is shown knowingly to have testified falsely

concerning any material matter, you have a right to distrust such

witness's testimony in other particulars and you may reject all the

testimony of that witness or give it such credibility as you may

think it deserves.

An act or omission is "knowingly" done, if voluntarily and

intentionally, and not because of mistake or accident or other

innocent reason.

s 73.11 ALL AVAILABLE EVIDENCE NEED NOT BE PRODUCED


     The law does not require any party to call as witnesses all
persons who may have been present at any time or place involved in
the case, or who may appear to have some knowledge of the matters in
issue at this trial.  Nor does the law require any party to produce
as exhibits all papers and things mentioned in the evidence in the
case.

s 74.01 VERDICT--UNANIMOUS--DUTY TO DELIBERATE


The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judges--judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

s 74.03 VERDICT--ONE OF MULTIPLE DEFENDANTS


At any time during your deliberations, you may return into court your verdict as to any party concerning whom you have unanimously agreed.

s 74.07 VERDICT FORMS--JURY'S RESPONSIBILITY


It is proper to add the caution that nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find.  What the verdict shall be is your sole and exclusive duty and responsibility.

QUESTIONS OF COURT

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be.  The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the plaintiff has proven his case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses.  These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses.  You are expressly to understand that the court has no opinion as to the verdict you should render in this case.